## Rosenthal v. National Surety Company of N. Y., Appellant.

*Insurance—Burglary insurance—Safes—Evidence of burglary.*

In an action on a policy of burglary insurance, a provision of the policy required that the insured, in order to establish the liability of defendant for loss from a fire-proof safe, must prove the loss of the property from the safe "after entry into such safe has been effected by force and violence by the use of tools, explosives, electricity or chemicals directly thereon, of which force and violence there shall be visible marks upon the exterior thereof." The court instructed the jury that the burden was upon the plaintiff to establish by the fair weight of the testimony that there was a burglary; that the safe was opened by force and violence, that there were visible marks of such force and violence upon the exterior of the safe; and that unless the plaintiff had so established affirmatively these three elements, he was not entitled to recover.

Under such circumstances the case was properly submitted to a jury, and a verdict for plaintiff will be sustained.

Argued March 1, 1926. Appeal No. 5, February T., 1926, by defendant, from judgment of C. P. Luzerne County, October T., 1923, No. 1383, in the case of Harry Rosenthal v. National Surety Company of New

York City.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Assumpsit on policy of insurance.  Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $883.57 and judgment thereon.  Defendant appealed.

*Error assigned,* among others, was refusal of defendants motion for judgment non obstante veredicto.

*Rush Trescott,* and with him *W. N. Reynolds, Jr.,* for appellant.

*David Rosenthal,* and with him *Frank P. Slattery,* for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

This is an action of assumpsit upon a policy of burglary insurance, issued by defendant, covenanting to indemnify the plaintiff against loss by burglary of money and securities from a safe.  The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

It clearly appears from the policy of insurance and the schedules attached thereto that a distinction is drawn between three classes of safes, viz:  "Fireproof," "Burglar-proof" only, or "Fire-proof" with "Burglar-proof" chest inside, and the policy contains covenants with regard to each of said classes.  The policy in the present case designated the safe in question as "Fire-proof."  It was not necessary, therefore, for the plaintiff to show that the safe contained a "burglar-proof" inside chest.  The covenants of the policy required the plaintiff, in order to establish

the liability of the defendant for loss from a fire-proof safe, to establish by evidence the loss of the property from the safe "after entry into such safe has been effected by force and violence by the use of tools, explosives, electricity or chemicals directly thereupon, of which force and violence there shall be visible marks upon the exterior thereof."

The evidence produced by the plaintiff was, if believed, sufficient to warrant a finding that the safe had been burglariously forced open by the use of tools, directly upon the exterior thereof, of which force and violence there were upon the outer doors of the safe visible marks.  The defendant produced evidence which tended to establish that the doors of the safe could not possibly have been forced open by tools, in the manner indicated by the witnesses for the plaintiff. This conflict of testimony raised the only question of fact involved at the trial.  The court instructed the jury that the burden was upon the plaintiff to establish by the fair weight of the testimony that there was a burglary; that the safe was opened by force and violence; that there were visible marks of such force and violence upon the exterior of the safe; and that unless the plaintiff had so established affirmatively these three elements he was not entitled to recover.  The jury found in favor of the plaintiff, thus determining in his favor the facts with regard to which there was a conflict of testimony.  The defendant submitted a point requesting the judge to charge the jury that under the evidence the verdict must be in favor of the defendant. In view of the conflict of testimony as to the vital question involved in the case, the court did not err in refusing this request, nor in overruling the motion of the defendant for judgment in its favor notwithstanding the verdict.

The judgment is affirmed.